United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 17-13595-jkf
Nicola Tollett Jefferson                                            Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi         Page 1 of 1         Date Rcvd: Feb 27, 2018
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 01, 2018.
db              #Nicola Tollett Jefferson,   9103 Ayrdale Cres,   Apt A,   Philadelphia, PA  19128-1050

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2018                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2018 at the address(es) listed below:
    ALFRED   ABEL    on behalf of Debtor Nicola Tollett Jefferson aa.law@alfredabellaw.com,
     G22350@notify.cincompass.com
    FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
    JEROME B. BLANK    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com
    MARIO J. HANYON    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com
    MATTEO SAMUEL WEINER    on behalf of Creditor   Toyota Motor Credit Corporation
     bkgroup@kmllawgroup.com
    REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation
     bkgroup@kmllawgroup.com
    THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com,
     bkgroup@kmllawgroup.com
    THOMAS YOUNG.HAE SONG    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                                                                  TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicola Tollett Jefferson <br> _Debtor_ | CHAPTER 13 |
| Toyota Motor Credit Corporation <br> _Movant_ <br> vs. | NO. 17-13595 JKF |
| Nicola Tollett Jefferson <br> _Debtor_ | |
| Frederick L. Reigle Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through November 2017.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, in accordance with the original loan agreement.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within TWENTY (20) days of the date of said notice. If Debtor(s) should fail to cure the default within twenty (20) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7 and Debtor is not current on the monthly payments, the Movant may file a Certification of Default with the court no sooner than 15 days after conversion, and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 2, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 1/30/18

Alfred Abel
Attorney for Debtor

Date: 2/22/18

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this 27th day of February, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon