**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nicola Tollett Jefferson,** | : | **Chapter 13** |
| | : | |
| Debtor. | : | Case No. 17-13595 (JKF) |

_____

## ORDER GRANTING IN PART AND DENYING IN PART THE SUPPLEMENTAL FEE APPLICATION

**AND NOW**, this 6th day of May, 2019, upon consideration of the Supplemental Application for Compensation filed by the Debtor's Counsel, Alfred Abel (doc. no. 84, the "Supp. Fee App."):

**AND** this chapter 13 case having been filed on May 23, 2017;

**AND** the Debtor's chapter 13 plan having been confirmed on January 4, 2018;

**AND** on February 1, 2018, upon application, the Debtor's counsel having been allowed initial fees of $11,372.00 and expenses of $422.00 (doc. no. 76, the "First Fee Award");[1]

**AND** since the First Fee Award, the only activity in this case being a Stipulation which was entered with the automobile creditor (Toyota Motor Credit Corporation) (doc. no. 80, the "Stipulation");

---

[1] $11,372.00 is an unusually large amount of fees in this district, perhaps more than twice as much as is awarded in similar chapter 13 cases.

**AND** on April 15, 2019, the Debtor's Counsel having filed the Supp. Fee App., seeking additional compensation of $1,912.50 for 5.1 hours worked at the rate of $375 per hour as well as reimbursement of $24 for expenses;

**AND** the Supp. Fee App. stating, *inter alia*, that "all services rendered . . . were *actual* and necessary." (p.2, emphasis added);

**AND** the time detailed in the Exhibit to the Supp. Fee App. including hours spent emailing the Debtor and negotiating and filing the Stipulation;

**AND** the Debtor's counsel also including in the Supp. Fee App. the following charges:

- $375.00 for drafting the fee petition (one hour)
- $375.00 for "[e]stimated time for court appearance on fee petition" (one hour)
- $24.00 flat rate for "[e]stimated parking for court appearance for petition."

(Ex. B, the "Extra Fees");

**BUT** there being no scheduled or anticipated hearing regarding the Supp. Fee App;   **AND** the Debtor's counsel having failed to explain either why the Extra Fees are reasonable or why he has taken the unusual step of charging a client for fees and costs <u>which have not occurred and may well never occur</u>;

**AND** the court therefore determining that the Extra Fees are unreasonable.[2] See e.g., In re Gagnon, 505 B.R. 90 (Bankr. D. Mass. 2014). Consequently, the fees awarded to Debtor's counsel will be reduced by $774.00;

**AND** for the foregoing reasons, the Supp. Fee App. is **denied in part and granted in part**. Fees in the amount of **$1,138.50** are allowed to the Debtor's counsel and may be paid according to the terms of the confirmed chapter 13 plan.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[2] It is debatable whether the other fees outlined in the Supp. Fee App. are reasonable. While fees for these services will be allowed, counsel should take a more cautious approach in future applications.