United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Nicola Tollett Jefferson  
    Debtor

Case No. 17-13595-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Randi     Page 1 of 1     Date Rcvd: May 06, 2019  
                      Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 08, 2019.  
db          #Nicola Tollett Jefferson,    9103 Ayrdale Cres,    Apt A,    Philadelphia, PA   19128-1050

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                 TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                  TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 08, 2019                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 6, 2019 at the address(es) listed below:

         ALFRED ABEL    on behalf of Debtor Nicola Tollett Jefferson aa.law@alfredabellaw.com, G22350@notify.cincompass.com  
         JEROME B. BLANK    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com  
         MARIO J. HANYON    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com  
         THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
         THOMAS YOUNG.HAE SONG    on behalf of Creditor    Wells Fargo Bank, N.A. paeb@fedphe.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Nicola Tollett Jefferson,**         :    Chapter 13

                                        :

               **Debtor.**         :    Case No. 17-13595 (JKF)

## ORDER GRANTING IN PART AND DENYING IN PART THE SUPPLEMENTAL FEE APPLICATION

**AND NOW**, this 6th day of May, 2019, upon consideration of the Supplemental Application for Compensation filed by the Debtor's Counsel, Alfred Abel (doc. no. 84, the "Supp. Fee App."):

**AND** this chapter 13 case having been filed on May 23, 2017;

**AND** the Debtor's chapter 13 plan having been confirmed on January 4, 2018;

**AND** on February 1, 2018, upon application, the Debtor's counsel having been allowed initial fees of $11,372.00 and expenses of $422.00 (doc. no. 76, the "First Fee Award");[1]

**AND** since the First Fee Award, the only activity in this case being a Stipulation which was entered with the automobile creditor (Toyota Motor Credit Corporation) (doc. no. 80, the "Stipulation");

---

[1] $11,372.00 is an unusually large amount of fees in this district, perhaps more than twice as much as is awarded in similar chapter 13 cases.

**AND** on April 15, 2019, the Debtor's Counsel having filed the Supp. Fee App., seeking additional compensation of $1,912.50 for 5.1 hours worked at the rate of $375 per hour as well as reimbursement of $24 for expenses;

**AND** the Supp. Fee App. stating, *inter alia*, that "all services rendered . . . were *actual* and necessary." (p.2, emphasis added);

**AND** the time detailed in the Exhibit to the Supp. Fee App. including hours spent emailing the Debtor and negotiating and filing the Stipulation;

**AND** the Debtor's counsel also including in the Supp. Fee App. the following charges:

- $375.00 for drafting the fee petition (one hour)
- $375.00 for "[e]stimated time for court appearance on fee petition" (one hour)
- $24.00 flat rate for "[e]stimated parking for court appearance for petition."

(Ex. B, the "Extra Fees");

**BUT** there being no scheduled or anticipated hearing regarding the Supp. Fee App;   **AND** the Debtor's counsel having failed to explain either why the Extra Fees are reasonable or why he has taken the unusual step of charging a client for fees and costs <u>which have not occurred and may well never occur</u>;

2

**AND** the court therefore determining that the Extra Fees are unreasonable.[2] See e.g., In re Gagnon, 505 B.R. 90 (Bankr. D. Mass. 2014). Consequently, the fees awarded to Debtor's counsel will be reduced by $774.00;

**AND** for the foregoing reasons, the Supp. Fee App. is **denied in part and granted in part**. Fees in the amount of **$1,138.50** are allowed to the Debtor's counsel and may be paid according to the terms of the confirmed chapter 13 plan.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[2] It is debatable whether the other fees outlined in the Supp. Fee App. are reasonable. While fees for these services will be allowed, counsel should take a more cautious approach in future applications.

3